# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELO KOUNDOURAKIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0714-WS-C |
| | ) |
| JIM PARKER BUILDING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the motion of third-party defendant CQ Insulation, Inc. ("CQ") to dismiss Counts I, II and III of the third-party complaint filed by Jim Parker Building Company, Inc. ("Jim Parker"). (Doc. 52). The parties have filed briefs in support of their respective positions, (Docs. 52, 65, 67), and the motion is ripe for resolution.

The plaintiff is an employee of CQ, allegedly injured in the course of work which CQ was under contract with Jim Parker to perform. The third-party complaint quotes from Jim Parker's contract with CQ, which obligates CQ to "hold and save [Jim Parker] harmless from any liability for … damages to persons … occurring on or in connection" with the work. This provision continues that CQ "shall take all necessary precautions for … the safety of … its employees." (Doc. 30 at 2-3).

Count I alleges that CQ breached its contract with Jim Parker, both by failing to hold Jim Parker harmless and by failing to take all necessary precautions for the safety of its employees. Count II alleges that CQ negligently allowed the plaintiff to engage in unsafe conduct and thereby breached its duty to ensure the plaintiff's safety. Count III alleges the same but as a wantonness claim. Both Count II and Count III allege that, if Jim Parker is held liable to the plaintiff, its liability is based on passive and secondary

fault while CQ was actively and primarily negligent or wanton, raising a right to indemnification. Count IV alleges a claim for contractual indemnity. (Doc. 30 at 3-6).

CQ acknowledges that the exclusivity provision of Alabama's workers' compensation statute[1] allows a third party to enforce an express indemnity agreement against the employer. The Alabama Supreme Court in *Goodyear Tire & Rubber Co. v. J.M. Tull Co.*, 629 So. 2d 633 (Ala. 1993), expressly "h[e]ld that enforcement of an express indemnity agreement against an employer by a third party does not violate the exclusive remedy provision of Alabama Workers' Compensation Act." *Id*. at 638. Count IV falls within *Goodyear*, explaining CQ's failure to seek dismissal of that count.

According to CQ, under *Goodyear* an express contractual indemnity provision "is the sole avenue" for avoiding the exclusivity provision. (Doc. 52 at 3; Doc. 67 at 4). CQ bases this conclusion on the Supreme Court's statement that "our holding … is limited to the enforcement of *express* contracts of indemnification." 629 So. 2d at 638 (emphasis in original). This is an unsurprising remark, since the facts of *Goodyear* concerned an express indemnification agreement, and courts generally do not treat as holding anything beyond what is necessary to resolve the case before it.[2] The *Goodyear* Court did not by this statement prohibit suits against employers for non-contractual indemnity but reserved the question for another day. *Id*. ("The consideration of this rule in the context of *implied* contracts of indemnification is not raised in this appeal.") (emphasis in original).

It may be that other Alabama cases forbid third-party claims against employers of the sort alleged by Jim Parker in Counts I-III. Even absent explicit judicial language, it may be possible to develop persuasive arguments that such claims are or should be barred. CQ, however, relies exclusively on two sentences from a single case, which do

---

[1] Ala. Code § 25-5-53.

[2] *E.g., Schwab v. Crosby*, 451 F.3d 1308, 1327 (11th Cir. 2006) ("[T]hat which is not necessary to the decision of a case is dicta …."); *accord J.L. v. Department of Human Resources*, 961 So. 2d 839, 853 (Ala. Civ. App. 2007).

not on their face bar Jim Parker's claims, and the Court will not develop or support arguments on CQ's behalf.

In its reply brief, CQ advances several, non-exclusivity arguments why Counts I-III should be dismissed. (Doc. 67 at 2 (there has been no breach of contract); *id*. at 5 (the negligence and wantonness claims fail to allege all elements of such causes of action); *id*. at 6 (there can be no contribution among joint tortfeasors)). District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[3] CQ offers no reason the Court should depart from that rule in this case.

For the reasons set forth above, CQ's motion to dismiss is **denied**.

DONE and ORDERED this 9th day of August, 2010.

            s/ WILLIAM H. STEELE
            CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See Park City Water Authority v. North Fork Apartments, L .P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).